UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT BOOSE,<br><br>        Plaintiff,<br><br>    v.<br><br>ELON MUSK, et al.,<br><br>        Defendants. | Case No. 25-cv-03366-AMO<br><br>**ORDER DENYING MOTION TO DISMISS; QUASHING SERVICE OF PROCESS**<br><br>Re: Dkt. No. 41 |

Plaintiff Elliot Boose, representing himself, initiated the above-captioned civil action. Before the Court is Defendants Elon Musk and X Corporations' motion to dismiss. To date, Boose has not filed a response to Defendants' motion. Because it concluded that a hearing was unnecessary to resolve the motion, the Court vacated the hearing date. ECF 46; *see also* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read Defendants' papers and carefully considered the relevant legal authority, the Court hereby **DENIES** Defendants' motion to dismiss without prejudice and **QUASHES** the service of process on Defendants.

Federal courts do not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Although courts have also held that Rule 4 is flexible and should be liberally construed if a party receives sufficient notice of the complaint and the defects in service are minor, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), absent substantial compliance with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the

1    complaint will provide personal jurisdiction," *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).
2    The United States Supreme Court has recognized that "[s]ervice of process, under longstanding
3    tradition in our system of justice, is fundamental to any procedural imposition on a named
4    defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

5          A motion to dismiss under Rule 12(b)(5) for insufficient service of process "is the proper
6    vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint."
7    *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). "Once service is challenged,
8    plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v.*
9    *May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this burden, the Court
10   has the discretion to either dismiss the action or retain the action and quash the service of process."
11   *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

12         Defendants seek dismissal for insufficient service of process for multiple defects. Mot. at
13   4-5. First, Defendants argue, Boose failed to file any proof of service as to Defendant Elon Musk.
14   Mot. at 5. Second, Defendants assert the service of process was defective because the certificates
15   of service do not indicate that Defendants received a summons. *Id.* Third, Defendants take issue
16   with the methods of delivery Boose utilized for service, as email and UPS are not authorized for
17   service of process under federal, California, or Nevada law. *See id.* (citing Fed. R. Civ. P. 4(e);
18   Fed. R. Civ. P. 4(h); Cal. Code Civ. P. §§ 415.10, 415.20, 415.30, 415.40, 416.10; Nev. R. Civ. P.
19   4.2(a) & 4.2(c)).

20         Defendants are right: Boose failed to comply with Rule 4. *See* Fed. R. Civ. P. 4(c), 4(e).
21   On October 10, 2024, Boose filed his certificates of service with the Gwinnett County Superior
22   Court indicating Defendants had been served copies of the complaint. ECF 1-1 at 56-64. Boose
23   filled out proofs of service indicating Boose served the complaint on Defendants' agent in Nevada
24   by email on October 9, 2024. ECF 1-1 at 56-59. Boose also indicated that Boose served the
25   complaint on Defendants' agent in Nevada by UPS. ECF 1-1 at 60-64. In all the certificates of
26   service, Boose states only that a complaint was among the documents served, not a summons.
27   ECF 1-1 at 56-64. Failure to serve a summons together with the complaint renders service of
28   process ineffective. *Omni Capital*, 484 U.S. at 104. Additionally, Boose failed to comply with

1   Rule 4(c) as Boose personally sent the complaint via email and UPS, ECF 1-1 at 56-64, and a

2   party cannot themselves effectuate service not a third party.  *See Smith v. Tempe Honda*, 2010 WL

3   11627813, at *3 (D. Ariz. Mar. 31, 2010) (pro se plaintiff's personal delivery of the summons

4   without the complaint rendered service ineffective pursuant to Rule 4(c)(2)).

5         Boose's choice to proceed without counsel does not excuse the failure to effectuate service.

6   *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

7   procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those

8   who proceed without counsel.").  Self-represented litigants are expected to know and comply with

9   the rules of civil procedure.  *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227

10  F.3d 1104, 1108 (9th Cir. 2000).  Given these defects in service, the Court lacks proper

11  jurisdiction over the Defendants.

12        In ruling on a Rule 12(b)(5) motion, courts have broad discretion to dismiss the action or to

13  retain it and quash the service that has been made on the defendant.  *S.J. v. Issaquah School Dist.*

14  *No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("The choice between dismissal and quashing

15  service of process is in the district court's discretion.") (quoting *Stevens v. Sec. Pac. Nat'l Bank*,

16  538 F.2d 1387, 1389 (9th Cir. 1976)).  Here, the Court finds dismissal too harsh a remedy at this

17  stage.  The Court finds it appropriate to deny the motion to dismiss, quash the service, and grant

18  Boose thirty (30) days to serve the Defendants.

19        For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss under Rule

20  12(b)(5), and the Court **QUASHES** service of the complaint on Defendants.  The Court

21  **DIRECTS** Plaintiff to properly serve Defendants and file proper proofs of service by no later than

22  August 8, 2025.  Failure to properly serve Defendants by August 8, 2025, may result in dismissal

23  of the lawsuit for failure to prosecute.  The Court declines to reach the Rule 12(b)(6) portion of

24  Defendants' motion to dismiss at this stage, but it will allow Defendants to renew their challenge

25  to the sufficiency of the pleading should they be properly served.

26        The Court **VACATES** the September 4, 2025, case management conference, along with

27  associated deadlines.  The Court is aware of the parties' inappropriate correspondence with the

28  Courtroom Deputy requesting alteration of the case management schedule.  The Court **ORDERS**

1  the parties to refrain from emailing court staff other than as permitted by the Court's Standing

2  Order for Civil Cases.  The parties shall file scheduling requests on the docket in compliance with

3  the Civil Local Rules.  Future improper communications to Court staff may result in sanctions.

4      Also before the Court is Boose's request to conduct all hearings by teleconference and

5  video conference.  ECF 33.  Because the Court has quashed service, the Court **DENIES** Boose's

6  request as moot.  Should this case proceed, Boose may revive the request employing the procedure

7  provided in the Court's Standing Order.

8      Plaintiff is advised that there is helpful information for self-represented litigants at

9  http://cand.uscourts.gov/proselitigants, including the Northern District's *Representing Yourself in*

10  *Federal Court: A Handbook for Pro Se Litigants*.  Plaintiff is also encouraged to seek the

11  assistance of the free Legal Help Center operated by the Bar Association of San Francisco.  A

12  litigant may schedule an appointment by signing up in the appointment book located on the table

13  outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-

14  8982.

16      **IT IS SO ORDERED.**

17  Dated: July 3, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**