UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT CASRAY BOOSE,<br><br>    Plaintiff,<br><br>    v.<br><br>ELON MUSK, et al.,<br><br>    Defendants. | Case No. 25-cv-03366-AMO<br><br>**ORDER SCREENING AND DISMISSING COMPLAINT**<br><br>Re: Dkt. Nos. 49, 61, 62, 63, 65 |

Plaintiff Elliot Casray Boose, representing himself, initiated the above-captioned civil action. Before the Court are several motions filed by Boose, as well as Defendants' oppositions to the same. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court screens the complaint under Title 28 U.S.C. § 1915, DISMISSES the complaint with leave to amend, DENIES Boose's motion to appoint counsel, and TERMINATES all remaining motions as moot, for the following reasons.

## I.  BACKGROUND

Before discussing the underlying facts, the Court recounts the relevant procedural history for context.

### A.  Relevant Procedural History

Boose originally filed this lawsuit in the Superior Court of Gwinnett County, State of Georgia (Civil Action File No. 24-A-08811-6), where he applied to proceed in forma pauperis ("IFP"). *See* Dkt. No. 1-1 at 49-54. Defendants removed the action to the federal district court covering Gwinnett County, the Northern District of Georgia. *See* Dkt. No. 1 (notice of removal). Because Defendants paid the filing fee at the time of removal, no federal district court has yet considered Boose's IFP status. Boose requests that the Court consider his IFP status, however, so

the Court might order service of process by the United States Marshal Service ("USMS"). *See* Dkt. No. 61 (Boose's motion requesting service pursuant to Rule 4(c)(3)); *see also* Dkt. No. 53 (Boose's resubmission of application to proceed in forma pauperis following the Court's earlier order quashing service); Fed. R. Civ. P. 4(c)(3) (requiring a court to order service of process by USMS "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). In significant part, Defendants oppose Boose's motion requesting service of process by USMS based on the absence of an order granting Boose permission to proceed IFP in this forum and any associated order screening the complaint under Section 1915. *See* Dkt. No. 64. Consideration of Boose's IFP status therefore informs and resolves multiple portions of the pending motions, including, most directly, Boose's motion for the Court to order service of process by USMS.

Having reviewed Boose's renewed IFP application, Dkt. No. 53, the Court GRANTS Boose's application and proceeds to screen the complaint pursuant to Title 28 U.S.C. § 1915 below.

### B. Factual Background[1]

The Court briefly recaps the factual allegations in the original complaint.[2] Boose alleges that X Corp. operates the "social networking service, 'X' (formerly known as Twitter)," which "enables account holders to distribute content via text, images, videos, and other multimedia-based messages." Dkt. 1-1 at 12-13. He alleges Musk is the "owner," "Chief Financial Officer," and "Secretary" of X Corp. *Id.* at 10, 13.

Boose is a "gay male cross-dresser" who authored an "e-book." Dkt. 1-1 at 10, 17. Boose created his X account @ElliotBoose2023 in November 2022 to, among other things, "promote his

---

[1] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). In assessing a 12(b)(6) motion, all well-pleaded allegations of material fact are accepted as true, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Because no court has reached the merits of Defendants' motions to dismiss for failure to state a claim, Dkt. Nos. 8 & 41, and because no court has granted Boose leave to amend, under Federal Rule of Civil Procedure 15, the operative complaint remains the original filed in Georgia state court. *See* Dkt. No. 1-1.

e-book." *Id.* at 10-11.  On June 29, 2024, he "paid [for] X Ads to promote his e-book." *Id.* at 10. Boose's account was subsequently "shadow banned[,] which prevents other users from interacting with his page or posts." *Id.*  Boose's initial advertisement was allegedly "paused shortly after[ward]," and "X support" later sent him a message stating it had "identified . . . concerns" with his advertisement. *Id.* at 11, 23.  The message invited him "to make necessary adjustments," after which X Corp. would "re-review [his] account," but Boose does not allege he made any of the requested adjustments. *Id.* at 23.  Boose contends X Corp.'s concerns were "[f]raudulent" because X Corp. allegedly "saw Plaintiff was selling an e-book" whose "cover shows his face as a male and as a female." *Id.* at 18.

Plaintiff asserts three claims against Defendants: (1) fraud; (2) breach of contract; and (3) "Sex Discrimination" in violation of the "Law of Georgia on the Elimination of All Forms of Discrimination." *Id.* at 5-7, 18-20.

## II.  DISCUSSION

The Court takes up two issues in turn: (A) screening the complaint and (B) Boose's motion for the appointment of counsel.

### A.  Screening the Complaint

Given both sides' arguments, the Court now screens Boose's complaint under Section 1915.  Federal courts are required to dismiss a case filed in forma pauperis if the court determines at any time that the action is frivolous, fails to state a claim, or is directed against a defendant who is immune.  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The Ninth Circuit has noted that Section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Both Rule 12(b)(6) and Section 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Courts liberally construe pro se pleadings at the screening stage. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Because Title 28 U.S.C. § 1915 gives courts authority to pierce the veil of a complaint's factual allegations, courts are not bound to accept at the screening stage "claims describing fantastic or delusional scenarios" or factual contentions that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). In a Section 1915 review, "[d]ismissal is proper only if is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted).

Further, the Court construes Boose's claims under California law based on the choice of law provision contained in the applicable Terms of Service. *See* Dkt. No. 9-3 ("The laws of the State of California . . . will govern these Terms and any dispute that arises between you and Twitter."); *see also* Dkt. No. 28 at 2 (order granting transfer to the Northern District of California, relying in part on the same provision).

### 1. Fraud

In California, a plaintiff alleging fraud must establish the following elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001). And in federal court, claims sounding in fraud are subject to Federal Rule of Procedure 9(b)'s heightened pleading standard. "Parties must allege fraud with particularity under Federal Rule of Civil Procedure 9(b), including the who, what, when, where, and how of the misconduct charged." *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (citing *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019)) (alteration, internal quotation marks omitted).

4

1  Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, Boose alleges in conclusory fashion that X Corp. "gave [f]raudulent reason[s]" about its "concerns" regarding his e-book advertisement. Dkt. 1-1 at 18. This allegation fails to identify any allegedly fraudulent reasons about X Corp.'s "concerns," and it fails to plausibly allege the statement was false when made. Moreover, Boose also does not allege any facts that would show X Corp.'s concerns were false or that it intended to defraud him. Nor does Boose allege he actually or justifiably relied on a false statement by X Corp. because he presents no facts demonstrating a change in his position based on X Corp.'s alleged misrepresentations. Finally, Boose does not plausibly allege damages resulting from relying on X Corp.'s purported reasons for allegedly interfering with his advertisement. Boose's bare allegations not only fail to state a claim on their own, they fall well short of the particularity required by Rule 9(b). Plaintiff does not allege when he received the message with the purported reasons X Corp. stopped distributing his advertisement on X, which X Corp. employee sent the message, how he was misled, or that Defendants gained anything. He thus fails to state a claim for fraud.

### 2. Breach of Contract

To state a claim for breach of contract under California law, Plaintiff must plead facts establishing: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

Here, Boose fails to plead a plausible breach-of-contract claim against Defendants because he fails to offer sufficient factual support for several of the elements of the cause of action. For example, Boose fails to allege breach of contract because the relevant Terms on which his claim is based contradict his contention that X breached that contract by purportedly "not allowing" him "to buy ads on X to promote his e-book." Dkt. 1-1 at 19. Contrary to Boose's theory of breach by prohibiting him from purchasing ads, the X rules attached to the complaint nowhere obligate X

5

Corp. to run his advertisement. *See* Dkt. 1-1 at 24-41. Boose cannot state a claim for breach of contract based on the Terms included within the complaint, and this cause of action therefore fails.

### 3. Sex Discrimination

Plaintiff also asserts a claim for "Sex Discrimination" under the law of a foreign country, the Republic of Georgia, specifically under its law on the "Elimination of All Forms of Discrimination." Dkt. 1-1 at 5-7.[3] As noted above, California law governs this dispute. *See* Dkt. No. 9-3 (choice of law provision). Therefore, Boose's purported "Sex Discrimination" claim under the laws of the Republic of Georgia must fail as a matter of law.

Giving Boose the benefit of the doubt, as it must at this stage, the Court looks to whether Boose alternatively states a claim for "sex discrimination" under California's broad civil rights protections, including the Unruh Act. The relevant portions of the Unruh Act read:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51. "Thus, by its own terms, it is expressly limited to discrimination that takes place within California's borders." *Warner v. Tinder, Inc.*, 105 F. Supp. 3d 1083, 1099 (N.D. Cal. 2015) (collecting cases). Boose's complaint does not identify any discrimination taking place within California's borders and instead focuses on the sex discrimination purportedly suffered in the State of Georgia. Therefore, Boose's claim for sex discrimination against Defendants fails as a matter of law.

### 4. Leave to Amend

"Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires,' but '[a] district court acts within its discretion to deny leave to amend when amendment would be futile[.]' " *Coronavirus Rep.*, 85 F.4th at 958 (quoting *Chappel v.*

---

[3] From what the Court can find, the statutory text Boose includes within his complaint matches that from the Republic of Georgia, not from any statutes of the State of Georgia. *See* International Labor Organization, NATLEX – Database of national labour, social security and related human rights legislation; REPUBLIC OF GEORGIA: LAW ON THE ELIMINATION OF ALL FORMS OF DISCRIMINATION (No. 2391-II of 2 May 2014); available at: https://natlex.ilo.org/dyn/natlex2/r/natlex/fe/details?p3_isn=97804.

*Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000)); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." (citation, internal quotation marks omitted)).

Here, because Boose's cannot allege sex discrimination which took place in California, and because California law applies to the dispute, it would be futile to grant Boose leave to amend his sex discrimination. Accordingly, he may not raise that claim again in an amended complaint. It is less clear that amendment of Boose's fraud and breach of contract claims is futile. In an abundance of caution, the Court grants Boose leave to amend those two claims only.

### B.     Motion to Appoint Counsel

Boose moves for appointment of counsel. Dkt. No. 63. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is discretionary and is granted only in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims" without counsel in light of the complexity of the legal issues involved. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, there are no exceptional circumstances that warrant appointment of counsel at this time. As discussed above, Boose has not demonstrated a likelihood that he will succeed on the merits of his case. *See, e.g.*, *Koch v. City of Santa Cruz*, No. 24-cv-07684-HSG, 2025 WL 215567, at *4 (N.D. Cal. Jan. 16, 2025) (denying motion to appoint counsel on this basis). Additionally, the Court does not find that the issues in this case are complex, or that Boose is unable to articulate his claims. Although Boose has failed to plausibly state a claim for the reasons discussed above, this failure is a result of the legal deficiencies of his claims, and not due to his lack of counsel or the complexity of the issues involved. Accordingly, the Court DENIES the motion to appoint counsel.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Boose's application to proceed IFP, screens the pleading under Section 1915, DISMISSES the complaint pursuant to that screening, DENIES the motion to appoint counsel, and TERMINATES all remaining motions. Boose's first amended complaint shall be filed by no later than January 16, 2026. No additional parties or claims may be added without leave of Court or stipulation of Defendants.

**IT IS SO ORDERED.**

Dated: December 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**