UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELLIOT CASRAY BOOSE, <br><br> Plaintiff, <br><br> v. <br><br> ELON MUSK, et al., <br><br> Defendants. | Case No.  25-cv-03366-AMO <br><br> **ORDER SCREENING AMENDED COMPLAINT AND DISMISSING ACTION** <br><br> Re: Dkt. Nos. 69, 70, 71 |

On December 19, 2025, the Court issued an order (1) granting Plaintiff Elliot Casray Boose's application to proceed in forma pauperis ("IFP"), (2) screening and dismissing the complaint pursuant to Title 28 U.S.C. § 1915, (3) denying Boose's request for court-appointed counsel, and (4) terminating several remaining motions on the docket.  Dkt. No. 68.  Since the Court's order, Boose filed three further motions.  *See* Dkt. Nos. 69, 70, 71.  The Court considers the three motions in this order.

## I. RENEWED MOTION TO PROCEED IN FORMA PAUPERIS

The same day the Court's screening order issued, December 19, 2025, Boose filed a renewed application to proceed IFP.  Dkt. No. 69.  The Court DENIES that renewed application as moot because it seeks relief previously granted.  *See* Dkt. No. 68.

## II. MOTION FOR SERVICE BY PUBLICATION

On December 21, 2025, Boose filed a motion requesting that the Court effectuate service on Defendants by publication.  Dkt. No. 71.  This motion is premature.  A complaint filed by a person proceeding IFP pursuant to Section 1915(a) is subject to a mandatory and sua sponte review and dismissal by the district court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from

United States District Court
Northern District of California

such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). The Court's December 19, 2025 Order screened the then-operative complaint pursuant to Title 28 U.S.C. § 1915 and found that the complaint failed to state a claim for relief. Dkt. No. 68. Because that complaint had been dismissed, there was no operative complaint on file at the time Boose filed the motion for service by publication – there was no complaint to serve. Perhaps more importantly, because the Court dismissed that complaint pursuant to Section 1915, no summons had issued, a necessary component of process for service. *See* Fed. R. Civ. Pro. 4. Indeed, this Court must still determine whether the pleadings survive screening before directing service by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). 42 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1127. Accordingly, the Court DENIES Boose's motion because any form of service remains inappropriate at least until the Court finds that the pleading survives screening and a summons should issue.

### III.    MOTION FOR LEAVE TO AMEND AND FURTHER SCREENING

Also on December 19, 2025, Boose filed a motion for leave to file an amended complaint. Dkt. No. 70. Boose's proposed amended complaint includes the following causes of action: (1) fraud, (2) breach of contract, (3) false advertisement, (4) violation of the First Amendment, and (5) violation of the Fourteenth Amendment. The Court GRANTS the motion for leave to amend and considers the pleading submitted at Docket No. 70-1 the First Amended Complaint ("FAC").

As a reminder, the Court has a continuing duty to dismiss a case filed by a plaintiff proceeding in forma pauperis if the court determines at any time that the action is frivolous, fails to state a claim, or is directed against a defendant who is immune. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1127. The Court here considers whether Boose's FAC fails for failure to state a claim or fails as frivolous.

#### A.    Failure to State a Claim

A case may be dismissed for failure to state a claim because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The Ninth Circuit has noted that Section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil

Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Rule 12(b)(6) requires a plaintiff to allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a plaintiff proceeding without the assistance of counsel, courts must "construe the pleadings liberally to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But both Rule 12(b)(6) and Section 1915(e)(2)(B) ultimately require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

The Court considers the two original causes of action first before turning to the new causes of action included in the FAC.

### 1.    Original Causes of Action

Regarding the first two listed causes of action, Boose amended to include California statutes related to his claims for fraud and breach of contract. Dkt. No. 70 at 4. Such an update is unnecessary because, in the Court's December 19, 2025 order, it found Boose's allegations as to both claims failed under California law. Dkt. No. 68 at 4-6. Boose does not identify in his motion for leave to amend, nor can the Court discern by review of the FAC, any additional portions of the amended complaint that alter the Court's earlier determination that Boose's claims of fraud and breach of contract fail under California law. *See* Dkt. No. 68 at 4-6. The Court therefore finds Boose's amended complaint continues to fail to state a claim for fraud or breach of contract.

### 2.    New Causes of Action

Boose's amended complaint introduces for the first time causes of action for false advertisement, violation of the First Amendment, and violation of the Fourteenth Amendment. The Court takes up the sufficiency of allegations as to the false advertisement claim before turning to the constitutional claims.

#### a.    False Advertisement

Allegations sounding in fraud, including allegations of false advertising, are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b). *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 634 (N.D. Cal. 2019) (stating that false advertising claims sounding in fraud are subject to the Rule 9(b) standard). Under Rule 9(b), allegations of

3

fraud must be pled "with particularity." Fed. R. Civ. P. 9(b). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (citations and quotations omitted). This includes pleading "the who, what, when, where, and how of the misconduct charged." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) (citation and quotations omitted).

Under a header of "false advertisement" for the third cause of action in the FAC, Boose pastes in full the statutory text of California Business & Professions Code §§ 17500, 17500.3, and 17500.5   FAC ¶¶ 37-39. Boose also pastes the text of Fair Trade Commission Act Section 5(a). FAC ¶ 45. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accordingly finds these recitations of law unhelpful in assessing the sufficiency of allegations. The closest the FAC approaches to alleging a false advertisement does not reflect an advertisement at all – the FAC describes Defendants' false statement as their assertion "that Plaintiff is trying to sell tickets when Defendants' 'X' Support knew Plaintiff was selling an e-book (erotic novel)[.]" FAC ¶ 44. But the FAC does not offer any details about this statement, including when or how it was issued. The FAC fails to identify a specific misrepresentation by Defendants that underlies this claim for false advertisement, and it similarly fails to identify the "the who, what, when, where, and how of the misconduct charged." *Whiteside*, 108 F.4th at 785. The allegations of the FAC are therefore insufficient to support a claim for false advertisement under Rule 9(b) despite the Court's earlier admonition that such detail was required for claims sounding in fraud. *See* Dkt. No. 68 (citing, e.g., *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023), *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

### b.     First and Fourteenth Amendments

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Within its scope, the First Amendment provides robust protection for free speech, but it has an important limitation: it "prohibits only *governmental* abridgment of speech" and "does not prohibit *private* abridgment of speech."

*Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (emphasis in original); *see also Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020).  The Fourteenth Amendment's Equal Protection Clause commands "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 2016 (1982)).  While both constitutional provisions impede government action, Boose here only sues private actors – an individual, Musk, and a corporation, X. Corp.  *See* FAC ¶ 22.

A private party may be treated as a state actor for constitutional purposes in limited circumstances.  *O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023).  "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also* 42 U.S.C. § 1983.  The presumption is that a private actor's conduct is not state action.  *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).  To be treated as a state actor for constitutional purposes, a private party must meet two distinct requirements: (1) the "state policy" requirement, and (2) the "state actor" requirement.  *Wright v. Service Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *O'Handley*, 62 F.4th at 1156.  To satisfy the state policy requirement, the alleged constitutional deprivation must result from "the exercise of some right or privilege created by the State" or "a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937.  To satisfy the state actor requirement, the party must "fairly be said to be a state actor," *id.*, which requires that it meet one of four tests: (1) the private actor performs a traditionally public function, *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 805 (2019); (2) the private actor is a "willful participant in joint activity" with the government, *Lugar*, 457 U.S. at 941 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)); (3) the government compels or encourages the private actor to take a particular action, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); or (4) there is a "sufficiently close nexus" between

United States District Court
Northern District of California

the government and the challenged action, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

Here, though both are necessary, Boose's allegations fail to satisfy either the state policy requirement or the state actor requirement. Regarding the state policy requirement, Boose alleges that Defendants wrongfully enforced their own rules in the form of their Terms and Conditions. *See, e.g.*, FAC ¶¶ 13, 19, 31. In so doing, he fails to allege that any action taken by Defendants related to his alleged "shadow ban" was traceable or even attributable to some right or privilege created or imposed by the government or by a person for whom the government is responsible. *See generally* FAC. Boose also does not allege that any Defendant performed a traditionally public function. Boose presents no facts demonstrating that either Defendant was a willful participant in joint activity with the government related to the alleged shadow ban. Boose suggests there exists a nexus between Musk and the government based on Musk's brief service with the Department of Government Efficiency in 2025, FAC ¶ 48, but Boose offers no facts beyond Musk's affiliation to establish a "sufficiently close nexus" between the government and the interference with his X account challenged here. *Jackson*, 419 U.S. at 351. Under these circumstances, Boose fails to establish that these private parties can be treated as state actors to state a claim under either the First Amendment or the Fourteenth Amendment. Both causes of action therefore fail.

### B. Frivolousness

In addition to each of the claims failing as insufficiently pleaded, the Court also finds Boose's allegations to be frivolous. A complaint is frivolous and subject to dismissal " 'where it lacks an arguable basis either in law or in fact.' " *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* (quoting

*Neitzke*, 490 U.S. at 328). As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).

Here, the FAC presents few factual allegations related to the shadow-banning of Boose's X account. *See* FAC ¶¶ 12-16, 18-20. Instead of offering factual allegations in support of a claim, the FAC includes pages of quotes of statutes. *See, e.g.*, FAC ¶¶ 26-28 (quoting in full California Civil Code §§ 1572-74); ¶ 37 (quoting in full California Business & Professions Code § 17500). Beyond these pleading deficiencies, the FAC is dominated by exaggerations and irrelevant content, including, for example, irrelevant allegations that Boose advised prominent politicians and business leaders, including past U.S. Presidents from George W. Bush to Donald Trump, on issues foreign and domestic. FAC ¶¶ 2-10. Boose continues to assert that his self-published e-book describes an "intimate encounter" with a celebrity, making it worth millions of dollars in potential revenue but for Defendants' antagonism. *Compare* FAC ¶ 20 *with* Dkt. No. 1-1 at 19. Boose's allegations, even if credited some, nonetheless cross the line into gross exaggeration. *Cf. Molski*, 500 F.3d at 1060-61. The claims are therefore subject to dismissal as frivolous. *See, e.g.*, *Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (dismissing as frivolous complaint where the plaintiff alleged the defendant was a super-spy and an assassin who was using a fabricated identity to "get at" him).

### C.    Leave to Amend

Having dismissed Boose's pleading again, the Court considers whether it should grant further leave to amend. Pursuant to Rule 15(a)(2), a party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors to consider in deciding whether leave to

United States District Court
Northern District of California

7

amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court need not permit amendment when it would prove futile – that is, when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and citation omitted).

Notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, the Court finds that dismissal with prejudice is warranted because Boose's claims are frivolous and because Boose failed to cure the deficiencies in his pleadings despite the Court's previous warnings. *See Feng v. Alta Bates Summit Med. Ctr.*, No. 25-cv-06598, 2025 WL 2899510, at *3 (N.D. Cal. Oct. 10, 2025) (dismissing case with prejudice pursuant to Section 1915 where plaintiff raised several "insubstantial" claims); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to [correct the deficiencies,] the district court's discretion to deny leave to amend is particularly broad."). Further, as noted above, Boose's newly-introduced claims fail as a matter of law. Therefore, the Court finds amendment would prove futile and denies further amendment.

IV.    **CONCLUSION**

For the reasons stated above, the Court **DISMISSES the case WITH PREJUDICE** as frivolous and for failure to state a claim. Accordingly, the Court **DENIES** all pending motions. The Clerk of Court shall terminate the case.

Boose was granted IFP status to advance this action. The Court revokes that status for purposes of any appeal. For the same reasons that establish the bases for dismissing the action, the Court certifies that any appeal that Boose might take from this order would not be "taken in good

//

//

United States District Court
Northern District of California

8

faith."  Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS SO ORDERED.**

Dated: March 24, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California