UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLIOT CASRAY BOOSE,

　　　　　Plaintiff,

　　v.

ELON MUSK, et al.,

　　　　　Defendants.

Case No.　25-cv-03366-AMO

**ORDER DENYING POST-DISMISSAL RELIEF**

Re: Dkt. Nos. 75, 76

On March 24, 2026, the Court dismissed the action following screening of Plaintiff Elliot Casray Boose's amended complaint pursuant to Title 28 U.S.C. § 1915. *See* Dkt. No. 72. The Court found that the amended pleading failed to state a claim for relief and found that the allegations proved frivolous. *Id.* The Court revoked Boose's in forma pauperis status for purposes of appeal because, for the same reasons requiring dismissal, any appeal would not be "taken in good faith." Dkt. No. 72 at 8-9 (quoting Fed. R. App. P. 24(a)(3)(A)). The Court entered judgment and closed the case. *See* Dkt. No. 73. On March 28, 2026, Boose filed a notice of appeal. Dkt. No. 74.

On March 29, 2026, Boose filed another application to proceed in forma pauperis. Dkt. No. 75. The Court has already reviewed the contents of Boose's applications to proceed in forma pauperis, and the contents of this most recent application do not alter the Court's earlier determinations. *See, e.g.*, Dkt. No. 72. The Court therefore **DENIES** the most recent application at Dkt. No. 75.

Subsequently, on March 30, 2026, Boose filed a "motion for leave to reinstate in forma pauperis status for either reconsideration for new trial at California Northern District or appeal to the United States Court of Appeals for the Ninth Circuit." Dkt. No. 76. Boose cites Federal Rule

United States District Court
Northern District of California

of Civil Procedure 60(b)(1) but fails to provide any argument or reasoning seeking reconsideration of the Court's order of dismissal.  *See* Dkt. No. 76 at 2.  The remainder of Boose's submission restates several aspects of the procedural history of the case and restates several allegations from the amended complaint.  *See id.* at 2-6.  To the extent Boose intends to seek reconsideration of the Court's order of dismissal, the Court cannot consider that motion because Boose filed a notice of appeal on March 28, 2026, Dkt. No. 74, which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted).  The Court **DENIES** that form of relief for lack of jurisdiction.  To the extent Boose seeks reconsideration of the Court's revocation of his in forma pauperis status for his appeal, the motion fails to persuade.  Boose proffers the same substance previously considered by the Court, including factual allegations the Court deemed frivolous.  *Compare* Dkt. No. 76 at 5-6 *with* Dkt. No. 72 at 7.  In the absence of any legal basis to disturb the finding of frivolousness, the Court **DENIES** Boose's request for reconsideration.

The case shall remain closed.

**IT IS SO ORDERED.**

Dated: April 13, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**